Mr. Kie D. Hall, Executive Director Arkansas Public Employees Retirement System One Capitol Mall Little Rock, Arkansas 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion on whether a person who works for two separate and distinct employers on the same calendar days, but without overlapping hours, where one employer participates in APERS and the other in another legally established state retirement plan, is ineligible for membership in APERS in light of A.C.A. § 24-2-302 (4), which provides:
 All eligible employees of the State of Arkansas or any of its political subdivisions except those who are members of or are eligible for membership in another legally established state retirement plan shall be members of the Arkansas Public Employees' Retirement System.
Although it is difficult to answer your question without being made aware of all of the facts, (i.e. by what agencies the individual is employed), it is my opinion that the answer to your question is generally "yes," so long as the individual in question is a member of, or is eligible for membership in another legally established state plan, and so long as there is no other provision of state law applicable to the individual's situation which would control. (See e.g. A.C.A. § 24-2-302(D), for special rules governing some employees.) This conclusion is also supported by A.C.A. § 24-4-101 (7)(B), which defines "employees" under the APERS statutory scheme as follows:
 Excepting members of the General Assembly and those persons eligible for, or receiving benefits from, a local firemen's or policemen's pension fund, the term `employees' shall not include persons who are members of, or who are eligible for benefits under or membership in, any other retirement system, excepting federal social security, which retirement system is supported by state funds or is authorized by the laws of the state.
These two statutory provisions preclude membership in APERS where an individual is a member of or eligible for membership in, or benefits from, another state plan or plan established pursuant to state law.
Of course, if the other "legally established state plan" or plan authorized by the laws of the state is a local retirement plan for certain county or municipal officials set up under state law, Act 851 of 1991 now provides an option as to these employees. Neither A.C.A. § 24-2-302 (4) nor A.C.A. § 24-4-101(7)(B) would prohibit the option or election provided for in this new act, as to these officials. See Opinion No. 91-239 at 4.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh